IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THOMAS N. JENKINS, | ) |
| Petitioner, | ) ) ) |
| | ) NO. 3:18-cv-00639 |
| v. | ) ) JUDGE RICHARDSON |
| HUMPHREYS COUNTY, | ) ) |
| Respondent. | ) |

**ORDER**

Petitioner Thomas N. Jenkins, a former state inmate, filed a *pro se* petition for the writ of habeas corpus ("Petition") under 28 U.S.C. § 2254 while he was incarcerated at the Henry County Correctional Facility in Paris, Tennessee. (Doc. No. 1.) He challenges a Humphreys County Circuit Court order revoking his probation. Respondent filed a motion to dismiss, arguing that Petitioner's claims are either not cognizable or unexhausted. (Doc. No. 13.) Because Petitioner's sentence has since expired, the Petition no longer presents an active case or controversy. Accordingly, both the Petition and Respondent's motion to dismiss will be denied as moot.

**I.    Background**

On October 21, 2016, Petitioner pleaded guilty in the Humphreys County Circuit Court to one count of violating the Tennessee sex offender registry by residing with a minor, in exchange for a two-year sentence to be suspended to supervised probation after serving ninety days' incarceration. (Doc. No. 10-1 at 10–12.) The initial probation order, accordingly, reflects that Petitioner's sentence was set to expire on October 21, 2018. (*Id.* at 13.)

On April 7, 2017, Petitioner's probation officer signed an affidavit alleging that Petitioner violated the terms of his probation by consuming alcohol and being arrested for public intoxication

in Humphreys County on March 4, 2017. (*Id.* at 24.) On June 28, 2017, Humphreys County Circuit Court Judge George Sexton revoked Petitioner's probation and placed the previously imposed two-year sentence into effect. (*Id.* at 33.)

On July 12, 2018, this Court received Petitioner's *pro se* habeas corpus petition. (Doc. No. 1.) The Petition challenges Judge Sexton's June 2017 probation revocation order.[1] (Doc. No. 1 at 1, 5; Doc. No. 10 at 33.) The county attorney for Humphreys County filed the state court record on August 9, 2018 (Doc. No. 10-1 to -6), and Respondent filed a motion to dismiss Petitioner's claims as either not cognizable or unexhausted on August 23, 2018 (Doc. No. 13).

The Court takes judicial notice,[2] based upon a search of the Tennessee Felony Offender Information database using the prisoner identification number listed on the first page of the Petition, that Petitioner's sentence ended on October 7, 2018, and that his supervision status is "inactive." (Doc. No. 1 at 1); *Tennessee Felony Offender Information*, https://apps.tn.gov/foil/ (last visited Jan. 14, 2019). Petitioner called the Clerk's Office to update his address to residential addresses on October 11 and 19, 2018.

## II. Analysis

"[T]he exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Lemis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). Thus, federal courts "have no power to adjudicate disputes which are moot." *Witzke v. Brewer*, 849 F.3d 338, 340 (6th Cir. 2017) (quoting

---

[1] Petitioner also refers to a sentence imposed by Humphreys County General Sessions Judge Bradley on June 29, 2017 (Doc. No. 1 at 5; Doc. No. 4 at 1), but "[a] petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012) (quoting Fed. R. Evid. 201(b)).

*McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc)). This case-or-controversy requirement applies "at all stages of review, not merely at the time the complaint is filed." *Id.* (quoting *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 67 (1997)). "If events occur during the pendency of a litigation which render the court unable to grant the requested relief, the case becomes moot and . . . falls outside our jurisdiction." *Howard v. Tenn.*, 760 F. App'x 837, 840–41 (6th Cir. 2018) (quoting *Demis*, 558 F.3d at 512). "Because it strikes at the heart of federal court jurisdiction, the mootness of a habeas petition can be raised *sua sponte* by the federal court, even if the issue is not addressed by the parties." *Pokladek v. Burton*, No. 2:14-CV-13602, 2016 WL 393167, at *2 (E.D. Mich. Feb. 2, 2016) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1054 n.3 (11th Cir. 2003)).

A habeas petitioner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Demis*, 558 F.3d at 512 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). After the petitioner's "sentence has expired, however, 'some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction— must exist if the suit is to be maintained." *Id.* (quoting *Spencer*, 523 U.S. at 7).

"[A] court may presume such collateral consequences when a released petitioner contests his underlying criminal conviction . . . ." *Witzke*, 849 F.3d at 341 (citing *Spencer*, 523 U.S. at 12–14). But this presumption does not apply where a petitioner challenges "probation or parole revocations." *Pokladek*, 2016 WL 393167, at *2 (citing *Spencer*, 523 U.S. at 7–14 (declining to extend the presumption to a habeas petition challenging a parole revocation) and *United States v. Kissinger*, 309 F.3d 179, 181–82 (3d Cir. 2002) (holding that *Spencer* "is not limited to the parole

3

context, but applies with equal force in the probation context," and therefore "collateral consequences" could not be presumed from the "unconditionally released" convict's "allegedly invalid probation revocation")).

Here, Petitioner is challenging the June 2017 order revoking his probation, not the October 2016 criminal conviction underlying his probationary sentence. The Tennessee Felony Offender Information database reflects that Petitioner completed the term of incarceration imposed on him by the probation revocation order on October 7, 2018. And Petitioner confirmed that he is no longer incarcerated by updating his address to residential addresses, on October 11 and 19, 2018. Accordingly, the Court cannot presume that Petitioner's probation revocation presents the type of "collateral consequences" that satisfy the case-or-controversy requirement. *Witzke*, 849 F.3d at 341 (citing *Spencer*, 523 U.S. at 8). Because Petitioner has been released and is not subject to the probationary sentence at issue in the Petition, he is not suffering an injury the Court could redress by entering a favorable decision. *Id.* (holding that "no continuing injury remain[ed] for [the] court to redress" where a petitioner challenged his parole revocation, but had already served the period of reincarceration imposed upon the revocation). The Petition, therefore, no longer presents a case or controversy under Article III of the Constitution, and must be denied as moot.

### III. Conclusion

For these reasons, the Petition (Doc. No. 1) and Respondent's motion to dismiss (Doc. No. 13) are **DENIED AS MOOT**, and this action is **DISMISSED**.

Rule 11(a) of the Rules Governing § 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when it enters a final order. A petitioner may not take an appeal unless a district or circuit court judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial

4

of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Because reasonable jurists could not debate whether the Petition is now moot, the Court **DENIES** a COA. Petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

Entry of this Order shall constitute final judgment in this case.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE